# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No.: 1:09-CR-38 |
| | ) | |
| MICHAEL L. ROSS | ) | |

## OPINION AND ORDER

This matter is before the Court for resolution of two pending motions. On November 22, 2011, Thomas O'Malley, a staff attorney with the Northern District of Indiana Federal Community Defenders, Inc., who had been appointed to represent Ross, filed a Motion to Withdraw as Court Appointed Counsel (docket at 33). This motion is hereby GRANTED. On January 6, 2012, Ross filed a *pro se* motion for reduction of his sentence pursuant to 28 U.S.C. § 3582(c) (docket at 37). The United States ("the government") filed a response brief in opposition to Ross's motion on January 27, 2012 (docket at 39) and Ross filed a reply brief on February 9, 2012 (docket at 40). For the reasons discussed below, this motion is DENIED.

## DISCUSSION

On July 28, 2011, Ross wrote a letter to the Court requesting the appointment of counsel to represent him in attempting to obtain a sentence reduction due to the passage of the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372, for offenses involving cocaine base or "crack." The Court granted that motion and appointed Mr. O'Malley. On November 22, 2011, Mr. O'Malley filed a Notice to the Court (docket at 32). In that filing, Mr. O'Malley informed the Court that after reviewing Ross's case, he concluded that Ross was not entitled to any relief under the FSA since Ross's sentence of 96 months was the result of a binding plea agreement and was not based on the weight or amount of "crack" Ross was charged with possessing and/or

distributing. *Id*. On December 12, 2011, the U.S. Probation Office filed an addendum to Ross's original Presentence Investigation Report (docket at 34). The Probation Office agreed with Mr. O'Malley's conclusion that Ross was not entitled to relief since he had entered into a binding plea agreement. Because the Court agrees with Mr. O'Malley's and the Probation Officer's conclusions, the motion to withdraw is granted.

Ross then filed the present motion for reduction of sentence. Ross contends that he is entitled to a reduction in his sentence notwithstanding the conclusions reached by Mr. O'Malley and the Probation Office. Ross argues that a recent U.S. Supreme Court decision, *Freeman v. United States*, 131 S.Ct. 2685 (2011), supports his argument. Motion for Reduction, p. 2. However, Ross is mistaken about the holding in *Freeman* and the case does not help his cause. In *Freeman*, the Court held that some defendants who were sentenced under binding plea agreements *may be* eligible for a sentence reduction under the FSA. *Freeman*, 131 S.Ct. at 2687. However, a careful reading of the case reveals that only defendants whose terms of imprisonment were based on a guideline range calculated using the amount of crack cocaine involved in the offense(s) of conviction are entitled to relief. *Id*. at 2689. In contrast, defendants whose sentences are based on a binding plea agreement that is *not* based on the amount of crack involved. In Ross's case, his binding plea agreement was not based on the guideline range applicable to the amount of drugs involved in his offense. Rather, it "was and is being driven by the mandatory minimum sentence and the government's decision to enter into a plea agreement and not to file a Section 851 enhancement, not by the United States Sentencing Guidelines." Government's Response, docket at 39, p. 4. Ross faced a mandatory minimum sentence and the government could have filed an enhancement pursuant to 21 U.S.C. § 851, since "Ross had a

prior final felony drug conviction out of the Allen Superior Court, Fort Wayne, Indiana . . . which could have been Noticed by the government and used as an enhancement . . . This prior conviction could have resulted in Ross facing a mandatory minimum term of 120 months imprisonment." *Id.*, pp. 1-2. In order to avoid this harsher sentence, Ross voluntarily entered into a binding plea agreement calling for a sentence of 96 months. In return for his entering into the agreement, the government agreed not to file for the enhancement. Therefore, Ross's sentence was not based on the guideline range that was later reduced by the FSA. For this reason, the holding in *Freeman* does not help him. And, as the government points out, many other courts that have addressed this issue have concluded that defendants who enter into binding plea agreements wherein the term of imprisonment is not based solely on the guideline range are not entitled to relief under the FSA. Government's Response, p. 6 (citing *United States v. Rivera-Martinez*, 665 F.3d 344 (1st Cir. 2011); *United States v. Brown*, 653 F.3d 337 (4th Cir. 2011); *United States v. Turner*, 2011 WL 5865490 (D.D.C. Nov. 21, 2011); *United States v. Walker*, 818 F.Supp.2d 151 (D.D.C. 2011)). For these reasons, Ross is not entitled to a reduction in his term of imprisonment.

## CONCLUSION

For the reasons set forth above, the Motion to Withdraw as Court Appointed Counsel (docket at 33) is GRANTED and the motion for reduction of sentence (docket at 37) is DENIED.

April 25, 2012.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana